IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NO. 4:25-cv-5415-JD

| | |
|---|---|
| Wild Geese Consultants, LLC; and Purpose - SC, Inc., <br><br>Plaintiffs, <br><br>v. <br><br>Broadstep Behavioral Health, Inc.; Excalibur Youth Services, LLC; Bain Capital Double Impact, LP; and Jason Upham, <br><br>Defendants. | **ANSWER OF DEFENDANTS BROADSTEP BEHAVIORAL HEALTH, INC., EXCALIBUR YOUTH SERVICES, LLC, AND JASON UPHAM** |

Defendants Broadstep Behavioral Health, Inc. ("BBH"), Excalibur Youth Services, LLC ("EYS"), and Jason Upham ("Upham") (collectively "Broadstep Defendants") answering the complaint of Plaintiffs Wild Geese Consultants, LLC ("Wild Geese") and Purpose - SC, Inc. ("Purpose") (collectively "Plaintiffs"), would respectfully allege and show the Court as follows:

### FOR A FIRST DEFENSE

1. Broadstep Defendants admit the allegations of paragraph 1 of Plaintiffs' complaint.

2. Broadstep Defendants admit the allegations of paragraph 2.

3. Broadstep Defendants admit that BBH is a corporation organized and existing pursuant to the laws of the State of Delaware, but deny the remaining allegations of paragraph 3.

172999059.6

4. Broadstep Defendants admit that EYS is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, but deny the remaining allegations of paragraph 4.

5. Broadstep Defendants admit that Bain Capital Double Impact, LP ("Bain") is a limited partnership organized and existing under the laws of the State of Delaware. Broadstep Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 5, and therefore deny them.

6. Broadstep Defendants deny the allegations of paragraph 6.

7. Broadstep Defendants admit that Upham is the President and Chief Executive Officer of BBH, but deny the remaining allegations of paragraph 7.

8. The allegations of paragraph 8 are solely legal conclusions that require no response. To the extent a response is required, Broadstep Defendants deny them. This Case has been removed to the United States District Court for the District of South Carolina. Moreover, Broadstep Defendants deny that venue would have been proper in Williamsburg County had the case remained in the Court of Common Pleas for the Third Judicial Circuit of South Carolina, and they deny that venue is proper in the Florence Division of the United States District Court for the District of South Carolina.

9. Broadstep Defendants deny the allegations of paragraph 9.

10. Broadstep Defendants admit so much of the allegations of paragraph 10 as allege that Willowglen owned and operated a psychiatric residential treatment

facility located at 1370 Williamsburg County Highway in Kingstree, South Carolina (the "Facility"). Broadstep Defendants deny the remaining allegations of paragraph 10.

11. Broadstep Defendants admit the allegations of paragraph 11.

12. Broadstep Defendants admit the allegations of paragraph 12.

13. Broadstep Defendants admit the allegations of paragraph 13.

14. Broadstep Defendants admit that the Stock Purchase Agreement ("SPA") required a "Reorganization" to transfer certain assets, including the psychiatric residential treatment facilities, away from Purpose (then known as Broadstep Academy – South Carolina, Inc.). Broadstep Defendants deny the remaining allegations of paragraph 14.

15. Broadstep Defendants deny the allegations of paragraph 15.

16. Broadstep Defendants admit that Section 8.7 of the Stock Purchase agreement contains the language alleged, but deny the remaining allegations of paragraph 16.

17. Broadstep Defendants admit the allegations of paragraph 17.

18. Broadstep Defendants admit so much of the allegations of paragraph 18 as allege that Section 9.12 of the SPA controls BBH's indemnity obligation relating to the Facility. Broadstep Defendants deny the remaining allegations of paragraph 18.

19. Broadstep Defendants admit the allegations of paragraph 19.

20. Broadstep Defendants admit the allegations of paragraph 20.

21. Broadstep Defendants deny the allegations of paragraph 21. The transaction closed on Jun 13, 2023.

22. Broadstep Defendants admit the allegations of paragraph 22.

23. Broadstep Defendants admit the allegations of paragraph 23.

24. Broadstep Defendants admit the allegations of paragraph 24.

25. Broadstep Defendants admit the allegations of paragraph 25.

26. Broadstep Defendants admit so much of the allegations of paragraph 26 as allege that BBH's counsel sent Plaintiffs' counsel a letter on August 28, 2024, acknowledging that the "Lawsuit" pertained to a psychiatric residential treatment facility, the matter had been submitted to BBH's insurance carrier, that local counsel presumably would soon be assigned, and that BBH planned to work with such counsel to remove Purpose from the Lawsuit. Broadstep Defendants deny the remaining allegations of paragraph 26.

27. Broadstep Defendants deny the allegations of paragraph 27.

28. Broadstep Defendants admit the allegations of paragraph 28.

29. Broadstep Defendants admit that Purpose filed an answer to the amended complaint in the Lawsuit on November 4, 2024. Broadstep Defendants deny the remaining allegations of paragraph 29.

30. Broadstep Defendants admit the allegations of paragraph 30.

31. Broadstep Defendants admit the allegations of paragraph 31.

32. Broadstep Defendants admit the allegations of paragraph 32, except they deny that the facts alleged therein are "alarming" and they deny that

4
172999059.6

information relating to the operations and personnel of the Facility has always been under the exclusive control of BBH.

33. Broadstep Defendants admit the allegations of paragraph 33, except they deny that any discovery requests or denials in BBH's answer to Purpose's crossclaims in the Lawsuit were "improper."

34. Broadstep Defendants admit that Upham inadvertently signed a document purporting to be on behalf of Purpose for psychiatric care for residents of the Facility and admit that Purpose learned of it, but deny the remaining allegations of paragraph 34.

35. Broadstep Defendants admit the allegations of paragraph 35.

36. Broadstep Defendants admit the allegations of paragraph 36.

37. Broadstep Defendants admit that Purpose has not been removed from the Lawsuit, that BBH has not executed the guaranty requested by Purpose, and that Upham has not executed the requested certification. Broadstep Defendants deny the remaining allegations of paragraph 37.

38. Broadstep Defendants admit that the stock of Purpose was, at the time of the abuse alleged in the underlying Lawsuit (October 2022), owned by BBH. Broadstep Defendants deny the remaining allegations of paragraph 38.

39. Broadstep Defendants admit that Purpose has been forced to defend itself in the underlying Lawsuit, but deny the remaining allegations of paragraph 39.

40. Broadstep Defendants deny the allegations of paragraph 40.

5

41. In response to paragraph 41, Broadstep Defendants adopt and reassert the allegations and denials of the preceding paragraphs as if fully set forth herein.

42. Broadstep Defendants deny the allegations of paragraph 42.

43. Broadstep Defendants deny the allegations of paragraph 43.

44. Broadstep Defendants deny the allegations of paragraph 44.

45. In response to paragraph 45, Broadstep Defendants adopt and reassert the allegations and denials of the preceding paragraphs as if fully set forth herein.

46. Broadstep Defendants admit the allegations of paragraph 46.

47. Broadstep Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 47, and therefore deny them.

48. Broadstep Defendants deny the allegations of paragraph 48.

49. Broadstep Defendants deny the allegations of paragraph 49.

50. In response to paragraph 50, Broadstep Defendants adopt and reassert the allegations and denials of the preceding paragraphs as if fully set forth herein.

51. Broadstep Defendants admit that BBH has certain indemnity obligations to Plaintiffs under the SPA, but deny the allegations of paragraph 51.

52. Broadstep Defendants deny the allegations of paragraph 52.

53. Broadstep Defendants deny the allegations of paragraph 53.

54. In response to paragraph 54, Broadstep Defendants adopt and reassert the allegations and denials of the preceding paragraphs as if fully set forth herein.

172999059.6

55. Broadstep Defendants admit that Upham inadvertently signed a document purporting to be on behalf of Purpose related to operational matters of the Facility, but deny the remaining allegations of paragraph 55.

56. Broadstep Defendants deny the allegations of paragraph 56.

57. Broadstep Defendants deny the allegations of paragraph 57.

58. In response to paragraph 58, Broadstep Defendants adopt and reassert the allegations and denials of the preceding paragraphs as if fully set forth herein.

59. Broadstep Defendants deny the allegations of paragraph 59.

60. Broadstep Defendants deny the allegations of paragraph 60.

61. Broadstep Defendants deny the allegations of paragraph 61.

62. Broadstep Defendants deny the allegations of paragraph 62.

63. In response to paragraph 63, Broadstep Defendants adopt and reassert the allegations and denials of the preceding paragraphs as if fully set forth herein.

64. Broadstep Defendants admit that Upham inadvertently signed a document purporting to be on behalf of Purpose for psychiatric care for residents of the Facility, but deny the remaining allegations of paragraph 64.

65. Broadstep Defendants deny the allegations of paragraph 65.

66. Broadstep Defendants deny the allegations of paragraph 66.

67. Broadstep Defendants deny the allegations of paragraph 67.

68. Broadstep Defendants deny the allegations of paragraph 68.

69. Broadstep Defendants deny the allegations of paragraph 69.

70. Broadstep Defendants deny the allegations of paragraph 70.

71. Broadstep Defendants deny each and every allegation in the prayer for relief.

72. Broadstep Defendants deny each and every allegation of the plaintiff's amended complaint not specifically admitted, modified, or explained hereinabove.

**FOR A SECOND DEFENSE**
(Dismissal)

73. Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

74. Broadstep Defendants alleges that the amended complaint fails to state facts sufficient to constitute a cause of action against them and should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**FOR A THIRD DEFENSE**
(Ambiguity)

75. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

76. The provisions of the SPA relied upon by Plaintiffs are vague and ambiguous.

**FOR A FOURTH DEFENSE**
(Absence of Breach)

77. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

78. Broadstep Defendants have not breached the SPA.

79. In the alternative, any breach was not material.

## FOR A FIFTH DEFENSE
(Applicable Law)

80. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

81. As required by the SPA, Delaware law governs the interpretation and enforcement of the SPA in this action.

## FOR A SIXTH DEFENSE
(Comparative Negligence)

82. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

83. Broadstep Defendants allege that even assuming any or all of them were negligent, careless, grossly negligent, willful, wanton or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiffs' damages, if any, all of which is expressly denied and admitted solely for the purpose of this defense and no other, that Plaintiffs' negligent, grossly negligent, reckless, willful, and wanton conduct contributed more than 50% to the cause of Plaintiffs' alleged damages if any. For this reason, none of the Broadstep Defendants is liable to either plaintiff in any sum whatsoever.

84. Broadstep Defendants allege that even if any or all of them were negligent, careless, grossly negligent, willful, or wanton in any respect whatsoever, which is expressly denied and admitted solely for the purpose of this defense and no other, and even if any such conduct on its part operated as a greater than 50% cause of Plaintiffs' resulting damages, if any, which is also expressly denied and admitted solely for the purpose of this defense and no other, it is entitled to a determination as

to the percentage that Plaintiffs' negligent, grossly negligent, reckless, willful, and wanton conduct contributed to their damages and to a reduction of any amount awarded to Plaintiffs in an amount equal to that percentage of the plaintiff's own negligent, grossly negligent, reckless, willful, and wanton conduct.

### FOR A SEVENTH DEFENSE
(Conduct of Others)

85. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

86. The sole and exclusive cause of any injury alleged by Plaintiffs, if any such occurred, was conduct by those other than Broadstep Defendants.

87. The conduct of others was so substantial a contributing factor and/or cause of any injury alleged by Plaintiffs, if any such injury occurred, that Broadstep Defendants are not responsible for said injury.

### FOR AN EIGHTH DEFENSE
(Other Cause)

88. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

89. Some or all of Plaintiffs' alleged injuries and/or damage were not caused by Broadstep Defendants' acts or omissions, or not caused by acts or omissions for which Broadstep Defendants can be held liable, or would have occurred regardless of whether Broadstep Defendants committed any, all, or any combination of acts or omissions alleged by Plaintiffs.

## FOR A NINTH DEFENSE
(Failure to Mitigate)

90. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

91. Plaintiffs neglected to take reasonable steps to mitigate their damages.

## FOR A TENTH DEFENSE
(Intervening & Superseding Cause)

92. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

93. If it is determined that Broadstep Defendants' conduct proximately caused some and/or all of Plaintiffs' injuries and/or damage, then Broadstep Defendants hereby allege that the negligence and/or intentional wrongs of third parties over whom Broadstep Defendants had no duty or ability to supervise and/or control was the true proximate cause of Plaintiffs' injuries and/or damage, if any. Such negligence and/or intentional wrongs, individually and in every possible combination, were intervening and superseding causes of Plaintiffs' alleged injury and/or damage.

## FOR AN ELEVENTH DEFENSE
(Estoppel)

94. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

95. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## FOR A TWELFTH DEFENSE
(Unclean Hands)

96. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

97. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOR A THIRTEENTH DEFENSE
(Laches)

98. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

99. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

## FOR A FOURTEENTH DEFENSE
(Waiver)

100. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

101. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FOR A FIFTEENTH DEFENSE
(Limits on Punitive Damages)

102. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

103. Broadstep Defendants plead S.C. Code § 15-32-530 as a cap to the punitive damages potentially available in this matter.

12

104. Defendant pleads that any award of punitive damages would violate the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitutions, and the parallel provisions of the South Carolina Constitution.

### FOR A SIXTEENTH DEFENSE
(Joint & Several Liability)

105. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

106. To the fullest extent applicable under state law, Broadstep Defendants invoke the protections afforded by S.C. Code Ann. § 15-38-10 *et seq.* for limitations on joint and several liability.

107. Broadstep Defendants reserve the right to seek contribution and indemnity against any responsible person or entity pursuant to S.C. Code 15-38-20 *et seq.*

### FOR A SEVENTEENTH DEFENSE
(Rule 8(c)(1))

108. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

109. Broadstep Defendants assert each and every defense listed in Rule 8(c)(1) of the Federal Rules of Civil Procedure.

### FOR AN EIGHTEENTH DEFENSE
(Limitations on Duty to Indemnify & Defend)

110. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

111. Broadstep Defendants admit that BBH has a limited duty to defend and/or indemnify Wild Geese and Purpose relating to the underlying Lawsuit. The definition of that duty is limited by the SPA and potentially by other agreements between the relevant parties, and is further expressly and implicitly limited by the SPA and potentially by other agreements between the parties.

112. In particular, one such limitation is a cap on the duty to indemnify and/or defend, which is contained in the SPA.

113. Other limitations include the definitions of terms, the provisions of Section 9.12, and others.

**FOR A NINETEENTH DEFENSE**
(Overlapping Claims)

114. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

115. The claims raised in this action by Plaintiffs overlap with certain crossclaims raised in the underlying Lawsuit.

**FOR A TWENTIETH DEFENSE**
(Absence of Intent & Negligence)

116. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

117. No Broadstep Defendant intentionally executed any documents on behalf of Purpose.

118. No Broadstep Defendant was negligent in the inadvertent execution of this document.

119. The contract was originally modified by MUSC, who neglected to change it to reflect that the Facility was owned and operated by EYS.

**FOR A TWENTY-FIRST DEFENSE**
(Absence of Malice)

120. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

121. No Broadstep Defendant acted with malice, actual or implied.

122. Broadstep Defendants acted to correct the inadvertent execution of the document as soon as they became aware of it.

**FOR A TWENTY-SECOND DEFENSE**
(No Defamatory Statement)

123. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

124. No statement by any Broadstep Defendant was defamatory against either of the Plaintiffs. Nor have Plaintiffs alleged any defamatory meaning.

**FOR A TWENTY-THIRD DEFENSE**
(Absence of Harm)

125. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

126. Neither of the Plaintiffs suffered any harm as a result of the inadvertent execution of the document by Upham.

**FOR A TWENTY-FOURTH DEFENSE**
(Absence of Publication)

127. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

15

128. Plaintiffs have not alleged a publication of the allegedly defamatory statement to another person. The only people aware of it were MUSC personnel, who knew it was an inadvertent mistake, and John Short and his counsel, who also knew it was inaccurate.

**FOR A TWENTY-FIFTH DEFENSE**
(Absence of Benefit)

129. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

130. No Broadstep Defendant intended to benefit, or actually benefitted, from the inadvertent inclusion of Purpose's name on the executed document.

**FOR A TWENTY-SIXTH DEFENSE**
(Absence of Publicity)

131. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

132. The contract that was inadvertently executed in Purpose's name was never made public.

**FOR A TWENTY-SEVENTH DEFENSE**
(No Continuing Conduct)

133. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

134. No Broadstep Defendant is, or has threatened to, or intends to execute any documents in Purpose's name. Therefore, injunctive relief is improper.

## FOR A TWENTY-EIGHTH DEFENSE
(Lack of Personal Jurisdiction)

135. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

136. This Court lacks personal jurisdiction over BBH.

## FOR A TWENTY-NINTH DEFENSE
(Ratification)

137. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

138. Purpose, Wild Geese, and John Short ratified the signature by Upham by later executing (and/or causing to be executed) a contract assigning Purpose's rights and obligations under the contract to EYS and/or BBH.

## FOR A THIRTIETH DEFENSE
(Reservation of Defenses)

139. Broadstep Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

140. Broadstep Defendant do not waive and specifically reserve any other defense that may be available to them. These reserved defenses include, but are not limited to, affirmative defenses to the allegations: accord, fraud, misrepresentation, release, statute of limitations or any other matter constituting avoidance or affirmative defenses which may arise and develop as discovery in this case progresses.

**WHEREFORE,** having fully answered Plaintiff's complaint, Broadstep Defendants pray:

1. That Plaintiffs' complaint be dismissed with prejudice;

2. That Broadstep Defendants be awarded their attorney fees and costs from Plaintiffs;

3. That this matter be tried by jury; and

4. That Defendant be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/Matthew A. Hughes
Matthew A. Hughes
Federal Bar No. 14063
FOX ROTHSCHILD LLP
2 West Washington Street
Suite 1100
Greenville, SC 29601
Telephone: (864) 751-7600
matthewhughes@foxrothschild.com

*Attorney for Defendants Broadstep Behavioral Health, Inc., Excalibur Youth Services, LLC, and Jason Upham*

June 18, 2025